# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3177 | **DATE** | 10/10/2012 |
| **CASE TITLE** | The Bank of New York Mellon vs. Mark L. Carson, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for summary judgment [17] and to appoint special commissioner [20] are granted. I grant plaintiff damages in the amount of $242,312.33 plus interest of $17.67 per day after May 8, 2012, and attorney's fees and costs in the amount of $2,359.00. Plaintiff is directed to file a draft foreclosure judgment order within seven days of the date of this order. No appearance is required on 10/11/2012.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff Bank of New York Mellon has filed for summary judgment in this foreclosure case. Defendant Mark L. Carson has filed a response. For the following reasons, plaintiff's motion is granted.

     Defendant argues that summary judgment is inappropriate at this time because discovery has not yet occurred, but this argument is without merit. I note that defendant did not seek leave to conduct discovery nor has he indicated precisely what discovery he would need to take in order to properly defend a motion for summary judgment. Further, "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (citing Fed. R. Civ. P. 56). "[T]he fact that discovery is not complete—indeed has not begun—does not defeat [a motion for summary judgment]." *Id.* (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 729 (7th Cir. 1986)).

     Though there has been no discovery, defendant had the burden to come forward with some evidence—even if only an affidavit—demonstrating that there is a genuine dispute of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Defendant has submitted no such evidence. Nor does the fact that there has been no discovery in this case excuse defendant's failure to comply with Local Rule 56.1. Defendant was required to respond to plaintiff's statement of facts and to submit a statement of additional facts requiring denial of summary judgment. LR 56.1(b). Because defendant has not controverted the material facts set forth in plaintiff's statement of facts, those facts are deemed to be admitted. LR 56.1(b)(3)(C).

     Defendant raises three substantive arguments for why he believes summary judgment must be denied, but none of these is well-taken. First, defendant maintains that plaintiff has not met the terms of the note and mortgage by failing to send a notice of default and acceleration. However, defendant has waived this argument by failing to properly dispute the evidence submitted by plaintiff, which shows that a notice of

**STATEMENT**

default and acceleration was sent by Ocwen on January 14, 2012. In addition, the letter itself contains information regarding the manner in which it was sent, including a certified number. Plaintiff has also submitted, with its reply, additional evidence, which includes a certified number matching that on the letter, showing that delivery of the notice was attempted. This is all that was required under the terms of the mortgage. (*See* Dkt. No. 18-2, at p. 10).

Second, defendant states that summary judgment must be denied because alleged irregularities in the assignment of the mortgage create a dispute of material fact regarding plaintiff's standing. Again, defendant has failed to dispute plaintiff's evidence showing that the mortgage was assigned to plaintiff on or about February 16, 2012.

Finally, defendant argues that plaintiff's affidavit of debt is inadmissible because the affiant allegedly has failed to demonstrate personal knowledge of the records pertaining to defendant's note and mortgage as required by Rule 56(e) of the Federal Rules of Civil Procedure. In making this argument, defendant relies on the fact that the affiant did not make the records. Defendant also contends that the affiant has not laid a proper foundation. Defendant confuses the requirements of Rule 56(e) and Federal Rule of Evidence 803(6). The affiant's attestations of personal knowledge of the records is sufficient to satisfy Rule 56(e). Defendant's other arguments more properly go to the affidavit's admissibility under Rule 803(6) as a record kept in the course of regularly conducted business. However, as plaintiff points out, the Seventh Circuit has held that "the business records exception contains no requirement that a 'qualified witness' must have personally participated in the creation or maintenance of a document, . . . nor even known who actually recorded the information." *United States v. Keplinger*, 776 F.2d 678, 693-94 (7th Cir. 1985) (citations omitted). Here, the affiant, Katarzyna Vera, attested to her knowledge of the system by which Ocwen creates and keeps the relevant records. Vera also attested to reviewing the records she describes in the affidavit. Plaintiff has therefore laid the foundation for the admissibility of the affidavit and the related documents.

Based on the foregoing and my review of the record, I conclude that plaintiff's supporting affidavits and evidence establish that it is entitled to foreclose on the property and that Carson is liable for the debt and attorney's fees. I therefore grant plaintiff's motion for summary judgment, including damages in the amount of $242,312.33 plus interest of $17.67 per day after May 8, 2012, and attorney's fees and costs in the amount of $2,359.00. Plaintiff's motion to appoint special commissioner is also granted. Plaintiff is directed to file a draft foreclosure judgment order within seven days of the date of this order.